## BETTIE MERRITT v. P. C. MERRITT.

Middle· Section.   May 4, 1929.

Petition for Certiorari denied by Supreme Court, January 18, 1930.

Thos. P. Henderson, of Franklin, and J. B. Melton, of Woodbury, for appellant.

C. L. Cummings, of Woodbury, and P. E. Cox, of Franklin, for appellee.

DeWITT, J.   The cross-complainant, Mrs. Bettie Merritt, in this suit for divorce instituted by her husband, has appealed from the decree granting to her an absolute divorce when she prayed only for divorce from bed and board; and she objects to an absolute divorce.

The divorce thus granted was based upon the finding that her husband had been guilty of such cruel and inhuman conduct toward her as to render it unsafe and improper for her to cohabit with him and·be under his dominion and control; and that he had abandoned her and failed, neglected and refused to provide for her. These and other grounds for divorce were alleged in the cross-bill. The original bill was filed by the husband to obtain an absolute divorce for adultery therein alleged; but the Chancellor found that she was a chaste woman and dismissed the bill. The evidence is not in the record before us, and it is presumed that it fully justified the findings of the Chancellor. The question presented is as to the power of the Chancellor to grant an absolute divorce under a cross-bill praying specifically for divorce a

mensa et thoro and generally for such relief "as the facts and law may justify at the hearing." The grounds for the divorce granted are among the causes for divorce from bed and board or from the bonds of matrimony, in the discretion of the court, as provided by section 4202, Shannon's Annotated Code. Section 4218 of said Code is as follows:—

"If, upon hearing the cause, the court is satisfied that the complainant is entitled to relief, it may be granted either by pronouncing the marriage null and void from the beginning, or by dissolving it forever and freeing each party from the obligations thereof, or by separation for a limited time."

Section 4220 is as follows:—

"But if the court be of the opinion that the wife is entitled to relief, it may be granted, according to the prayer of the bill, by annulling the marriage, or by ordering a separation, perpetual or temporary, or such other decree as the nature and circumstances of the case require."

In Pillow v. Pillow, 5 Yerg., 420, decided in 1826, it was held that in all cases in which a divorce a vinculo matrimonii is sought the bill should contain a prayer for that relief, and it was error to decree the divorce without it. This decision was based upon the Act of 1799, chapter 19, section 5 (Haywood and Cobb's Compilation, p. 75) vesting in the circuit court power to decree "a divorce and separation from the nuptial ties or bonds of matrimony, or that the marriage is null and void, agreeably to the prayer thereof." Sections 4218-4220, of Shannon's Code, supra, are taken from chapter 26 of the Acts of 1836. After the enactment of this statute it was held in Hackney v. Hackney, 9 Humph., 449, that it would not be a sufficient ground for reversal, however informal the proceeding, that, upon a specific prayer for a divorce a mensa et thoro, a decree for divorce a vinculo matrimonii had been pronounced; but in that case the wife desired such divorce although she had originally prayed for a divorce, a mensa et thoro.

In the instant case the wife is objecting to an absolute divorce granted under her cross-bill praying specifically for a divorce from bed and board. She has been granted an absolute divorce against her will. The Chancellor was evidently of the opinion that he had the power to grant an absolute divorce under sections 4218 and 4220, supra; that notwithstanding the prayer of the bill he could grant this divorce against her will because the "nature and circumstances of the case" required it. This question does not seem to have arisen in any reported case in this State since the decision in Hackney v. Hackney; nor in any reported case where the wife objected to an absolute divorce.

In our opinion, the relief to be granted under section 4202, Shannon's Code, must, under section 4220, be granted according to the prayer of the bill; and this restriction applies to the final clause of section 4220, ''or such other decree as the nature and circumstances of the case require.''

The rule is that no relief will be granted inconsistent with that prayed for. The decree ordinarily follows the special relief sought by the bill, if the pleadings and proof will warrant it. The relief under the general prayer must be such as follows, ordinarily and logically, from the pleadings and proof. Gibson's Suits in Chancery (2 Ed.), sec. 557. An absolute divorce is, of course, very inconsistent with a divorce from bed and board. In suits for divorce, as well as in suits in equity in general, all orders and decrees must be justified by the pleadings as well as by the proofs.

It is true that in an action to obtain a decree dissolving the relation of husband and wife, the State, because of its interest in maintaining the same, is an interested party—but only to make sure that the attempt will not prevail without sufficient and lawful cause shown by the real facts of the case. 9 R. C. L., 253. The State is not interested in enlarging the separation beyond that desired by the party to whom it is allowed. The policy of the State is that the contract entered into by the parties to a marriage, ''for better or for worse,'' should be enforced, unless a clear case is made out, under the law, to annul it. Rutledge v. Rutledge, 5 Sneed, 554; Smith v. Smith (Chy. App.), 53, S. W., 1000; Hickerson v. Hickerson (Chy. App.), 52 S. W., 1019. In Rutledge v. Rutledge, it was held that in all doubtful cases the courts should grant a divorce from bed and board only, rather than destroy the vinculum of the marriage altogether; that unless the case is one of great aggravation, the relief to be afforded under section 4202 of Shannon's Code was not intended to go beyond a separation from bed and board, either indefinitely, or for a limited term.

We assume that the evidence before the Chancellor justified an absolute divorce had it been prayed for; but as the appellant did not consider the aggravation so great, and the circumstances so compelling, as to render an absolute divorce desirable, it was beyond the power of the court to force it upon her. The effect of the decree was to give to the husband the relief which had been denied to him under his original bill. It results that the decree of the Chancery Court will be modified so as to limit the relief to a divorce from bed and board. The cause will be remanded for the award and payment of alimony. The costs of the appeal will be adjudged against the appellee.

Faw, P. J., and Crownover, J., concur.